UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
PAUL SUTHERLAND PHOTOGRAPHY LLC

                  Plaintiff,

   - against -

MCGRAW HILL EDUCATION and
THE MCGRAW HILL COMPANIES

                  Defendants.

-----------------------------------------------------------------x



Plaintiff, by his attorney, Edward C. Greenberg, alleges as follows:

### PARTIES

1. Plaintiff PAUL SUTHERLAND PHOTOGRAPHY LLC (hereinafter "SUTHERLAND") is the business entity of professional photographer Paul Sutherland who has specialized in the discipline of underwater photography for over ten years.

2. SUTHERLAND resides at 30 Coverdale Drive, Princeton, New Jersey 08450.

3. Defendant MCGRAW HILL EDUCATION (hereinafter "MGE") is a division of the McGraw Hill Companies which is, upon information and belief, an international corporation with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020-1095.

4. That MGE is a division of the MCGRAW HILL COMPANIES which is, upon information and belief, an international corporation with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020-1095.

5. Defendant is an international company that specializes in the production, distribution and marketing of text books in the United States and abroad.

6. Defendants MGE and MCGRAW HILL COMPANIES shall be hereinafter collectively referred to as "MCGRAW HILL."

## JURISDICTION AND VENUE

7. This is a civil action for copyright infringement.

8. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1338.

9. Venue in the Southern District of New York based upon defendant's doing business in the county and state of New York in a degree sufficient enough to establish minimum contacts with the Southern District.

## FACTS COMMON TO ALL CLAIMS

10. That plaintiff SUTHERLAND is the business entity of professional photographer Paul Sutherland, a photographer with over ten years of professional experience in the highly specialized discipline of underwater photography.

11. That plaintiff licenses its images to and for publication by third parties. Such third parties include magazines, publishers and business entities which sell products and services.

12. Plaintiff created an image of leafy sea dragon (hereinafter "the subject image") while deep sea diving for the purpose of creating underwater photography. A copy of said image is annexed hereto as "Exhibit A."

13. That plaintiff's photograph is extremely well known and was featured on the cover of Scientific American in December of 1998.

14. That the plaintiff retained copyright of his image and registered same under the number VA 1-384-017. A copy of said registration is annexed hereto as "Exhibit B."

15. That the copyrights and registrations in the subject image belong to the plaintiff and that no sale, assignment or transfer of same has occurred.

16. That in or around September of 2003 plaintiff entered into negotiations with MCGRAW HILL. MCGRAW HILL sought a license in the subject image for use in connection with the 5th Edition of its "Castro/Huber Marine Biology".

17. That on or about September 10, 2003 the parties entered into a licensing agreement (hereinafter "the agreement") whereby SUTHERLAND agreed to grant MCGRAW HILL the right to use the subject image in one edition of its text book only. A copy of this agreement is attached as "Exhibit C."

18. That the print run of the text book was limited to 26,000 copies in the United States and 2,600 copies for world-wide distribution. The image could be included on 500 CD's meant to accompany the text and was to be used only in English language versions of the book.

19. The agreement granted no internet rights nor any provision for printed or electronic revision.

20. That the agreement was limited to a term of one (1) year.

21. That MCGRAW HILL's license to use the image in any manner or media expired on September 9, 2004.

22. That in June of 2006, plaintiff discovered that MCGRAW HILL had placed their entire textbook online through two separate services; McGraw Hill e-books through

primisoline and Zinio. McGraw Hill e-books allowed the book to be read online and to be printed while Zinio allowed the entire book to be downloaded and printed.

23. Such use by MCGRAW HILL was in contravention of the licensing agreement which specifically denied internet usage rights.

24. Plaintiff also discovered that MCGRAW HILL had reprinted the book at least once in 2005.

25. Such use was violative of the agreement. Copies of MCGRAW HILL's violating uses of plaintiff's image are included as "Exhibit D."

### FIRST CLAIM FOR RELIEF

#### Copyright Infringement
#### Under Section 501 of the Copyright Law
#### Against McGraw Hill

26. Plaintiff repeats, reasserts and realleges each of the allegations contained in paragraphs 1 through 25 as if fully set forth herein.

27. The plaintiff is the registered copyright holder in the subject image as set forth above.

28. This claim arises under Section 501 of the Copyright Act, 17 U.S.C. Section 101 et., seq.

29. That it is unknown when defendants first published the subject image in electronic form but that such use was still continuing through at least December of 2006.

30. That said date was over two years after the defendant's license to use the image expired.