UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
PAUL SUTHERLAND PHOTOGRAPHY LLC

              Plaintiff,

    -against-

MCGRAW HILL EDUCATION and
THE MCGRAW HILL COMPANIES

             Defendants.
------------------------------------x

ECF CASE

07 CV 3750
(Judge Griesa)

ANSWER

      Defendant, The McGraw-Hill Companies, Inc., by its attorneys, Cowan, Liebowitz & Latman P.C., for its Answer to the Complaint:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Admits that The McGraw-Hill Companies, Inc. ("McGraw-Hill") is a New York corporation with its principal offices at 1221 Avenue of the Americas, New York, NY 10022, and that McGraw-Hill Education is a division of The McGraw-Hill Companies, Inc., and denies the remaining allegations in paragraph 3.

4. Repeats paragraph 3 and denies the remaining allegations of paragraph 4.

5. Admits the allegations in paragraph 5.

6. Paragraph 6 does not call for a response.

7. Admits that this civil action purports to be for copyright infringement, as alleged in paragraph 7.

8. Does not contest this Court's jurisdiction, as alleged in paragraph 8.

9. Does not contest this Court's venue, as alleged in paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Admits the allegations in paragraph 16.

17. Admits the parties entered into a license agreement ("Agreement") dated September 10, 2003 (Exhibit C to the Complaint), respectfully refers the Court to the Agreement for its terms, and denies the remaining allegations in paragraph 17.

18. Respectfully refers the Court to the Agreement for its terms, and denies the remaining allegations in paragraph 18.

19. Respectfully refers the Court to the Agreement for its terms, and denies the remaining allegations in paragraph 19.

20. Respectfully refers the Court to the Agreement for its terms, and denies the remaining allegations in paragraph 20.

21. Respectfully refers the Court to the Agreement for its terms, and denies the remaining allegations in paragraph 21.

22. Admits that McGraw-Hill made its textbook, <u>Castro/Huber Biology 5th Edition</u>, available in e-book format on Zinio and Primis, denies knowledge or information sufficient to form a belief concerning plaintiff's discovery thereof, and denies the remaining allegations in paragraph 22.

- 3 -
22151/022/793444.1

23. States that any deviation from the Agreement's terms would not be copyright infringement, and in that context denies the remaining allegations in paragraph 23.

24. Admits that it reprinted the textbook in 2005, states that such reprinting would not be copyright infringement, and in that context denies the remaining allegations in paragraph 24.

25. States that any deviation from the Agreement's terms would not be copyright infringement, and in that context denies the remaining allegations in paragraph 25.

### As to First Claim for Relief

26. Repeats the responses to paragraphs 1 through 25.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Admits that plaintiff purports to state a claim under Section 501 of the Copyright Act, as alleged in paragraph 28.

29. Admits that the textbook was available in e-book format in December 2006, states that such use would not be copyright infringement, and in that context denies the remaining allegations in paragraph 29

30. Respectfully refers the Court to the Agreement for its terms and denies the remaining allegations in paragraph 30.

31. States that any deviation from the Agreement's terms would not be copyright infringement, and in that context denies the remaining allegations in paragraph 31.

32. Denies the allegations in paragraph 32.

33. Respectfully refers the Court to the Agreement for its terms and denies the remaining allegations in paragraph 33.

34. Admits that McGraw-Hill has knowledge of its use of plaintiff's image, and denies the remaining allegations in paragraph 34.

35. Denies the allegations in paragraph 35.

36. Denies the allegations in paragraph 36.

37. Denies the allegations in paragraph 37.

<u>As to Second Claim for Relief</u>

38. Repeats the responses to paragraphs 1 through 37.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Admits that plaintiff purports to state a claim under Section 501 of the Copyright Act, as alleged n paragraph 40.

41. Admits that the textbook was available in e-book format in December 2006, states that such use would not be copyright infringement, and in that context denies the remaining allegations in paragraph 41.

22151/022/793444.1

42. Respectfully refers the Court to the Agreement for its terms and denies the remaining allegations in paragraph 42.

43. States that any deviation from the Agreement's terms would not be copyright infringement, and in that context denies the remaining allegations in paragraph 43.

44. Denies the allegations in paragraph 44.

45. Respectfully refers the Court to the Agreement for its terms and denies the remaining allegations in paragraph 45.

46. Admits that McGraw-Hill has knowledge of its use of plaintiff's image, and denies the remaining allegations in paragraph 46.

47. Denies the allegations in paragraph 47.

48. Denies the allegations in paragraph 48.

49. Denies the allegations in paragraph 49.

## As to Third Claim for Relief

50. Repeats the responses to paragraphs 1 through 49.

51. Denies the allegations in paragraph 51.

52. Paragraph 52 does not call for a response.

53. Denies all allegations not specifically admitted above.

## As to the Prayer for Relief

54. Plaintiff is not entitled to any of the relief requested in the Complaint.

22151/022/793444.1

## Affirmative and Other Defenses

55. The Complaint (and each Claim therein) fails to state a claim or cause of action on which relief can be granted.

56. The actions plaintiff complains of, if true, would constitute breach of contract and not copyright infringement.

57. Any use plaintiff claims was unlicensed would be nonactionable as de minimus.

58. Any use plaintiff claims was unlicensed would be nonactionable as fair use.

59. The Complaint is barred, in whole or in part, by laches, estoppel, waiver, license and/or acquiescence.

60. Under Section 412(1) of the Copyright Act, 17 U.S.C. §412(1), plaintiff is barred from the recovery of statutory damages and attorney's fees, as provided by Sections 504 and 505 of the Copyright Law (17 U.S.C. §§504, 505), because the effective date of the copyright registration for plaintiff's work occurred after the commencement of the alleged infringement of plaintiff's copyright.

WHEREFORE, defendant The McGraw-Hill Companies, Inc. (sued herein as shown in the caption), demands judgment that the Complaint be dismissed with prejudice and that it be awarded its

22151/022/793444.1

full costs, including reasonable attorney's fees, and be granted such other relief as the Court may deem just and proper.

Dated:  New York, NY
        June 27, 2007

                                    s/ Richard Dannay
                                    Richard Dannay (RD-9407)
                                    COWAN, LIEBOWITZ & LATMAN, P.C.
                                    1133 Avenue of the Americas
                                    35th Floor
                                    New York, NY 10036-6799
                                    Phone (212) 790-9200
                                    Fax   (212) 575-0671


                                    Attorneys for Defendant
                                    The McGraw-Hill Companies, Inc.

TO:  Edward C. Greenberg, P.C.
     Attorney for Plaintiff
     570 Lexington Avenue
     17th Floor
     New York, NY  10022
     Phone (212) 697-8777

- 8 -

22151/022/793444.1